UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x
ZAGG, INC.,

                Plaintiff,                Civil Action No.

  -against-

ACTIVE COMPUTER SUPPLIES INC.        **JURY TRIAL DEMAND**
d/b/a AMAZON RESELLER
"DEALATHON,"

                Defendant.
---------------------------------------------------------x

## COMPLAINT FOR INJUNCTION RELIEF AND DAMAGES

Plaintiff ZAGG, Inc. d/b/a ZAGG, Invisible Shield, IFROGZ, mophie, Gear4, and BRAVEN ("ZAGG" or "Plaintiff"), by and through its undersigned counsel, complains of Defendant Active Computer Supplies Inc.'s d/b/a Amazon Reseller "DEALATHON" ("Defendant") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1. ZAGG seeks injunctive relief and monetary damages for Defendant's trademark counterfeiting and infringement, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

2. This case concerns Defendant's wrongful, unauthorized promotion and sale of ZAGG Products through online commerce sites. As described more fully below, Defendant has and continues to falsely advertise the counterfeit ZAGG Products it sells and delivers to consumers on the Internet, including, but not limited to, Amazon.com.

3. Defendant is offering for sale and selling certain ZAGG Product models on the Internet, including, but not limited to, Amazon.com but fulfilling the orders with different ZAGG

Product models designed for sale to wireless carriers and later purchased by Defendant at liquidation. The ZAGG Product models designed for sale to wireless carriers have a unique SKU and different packaging than the ZAGG Product models sold to consumers directly by ZAGG or ZAGG Authorized Internet Resellers. Ultimately, the ZAGG Products that Defendant advertises and sells are materially different from the ZAGG Products actually sold and delivered to consumers.

4. Moreover, ZAGG has never authorized Defendant to resell its products. Accordingly, the ZAGG Products Defendant offers for sale and sells on the Internet, including, but not limited to, Amazon.com, are materially different from the genuine products sold by ZAGG or its Authorized Internet Resellers, as Defendant's ZAGG Products are neither covered by ZAGG's manufacturer's warranty nor supported by the customer service and quality controls that ZAGG Authorized Internet Resellers are required to provide. Despite this, Defendant falsely advertises to consumers that the ZAGG Products it offers for sale are "new" in a scheme to deceive consumers into believing that Defendant's ZAGG Products are the same as those sold by ZAGG or its Authorized Internet Resellers, when they are not.

5. Finally, in an effort to hide Defendant's nefarious acts, Defendant is selling ZAGG Products with the serial number covered and damaged. The ZAGG Products Defendant offers for sale and sells with covered and/or damaged serial numbers are non-genuine, counterfeit ZAGG Products.

6. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of consumers and ZAGG.

7. As a result of Defendant's actions, ZAGG is suffering a loss of the enormous goodwill that ZAGG has created in its trademarks and is losing profits from lost sales of products. This action seeks permanent injunctive relief and damages for Defendant's trademark counterfeiting and infringement, false advertising, and unfair competition.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

9. This Court also has supplemental jurisdiction over the pendant state law claim under 28 U.S.C. § 1367(a).

10. This Court has personal jurisdiction over Defendant, which has its principal place of business within this District. Additionally, Defendant (a) has sold numerous products within the United States, the State of New York, and this District; (b) misrepresents the nature of the products it sells to residents of the United States, the State of New York, and this District; (c) has caused injury to ZAGG in the United States, the State of New York, and this District; (d) practices the unlawful conduct complained of herein, in part, within the United States, the State of New York, and this District; (e) regularly conducts or solicits business within the United States, the State of New York, and this District; and (f) regularly and systematically directs electronic activity into the United States, the State of New York, and this District with the manifest intent of engaging in business within the United States, the State of New York, and this District, including the sale and/or offer for sale of ZAGG Products to Internet users within the United States, the State of New York, and this District.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because the Defendant resides in this District, and because some of Defendant's wrongful acts described herein occurred in this District.

## PARTIES

12. Plaintiff ZAGG, Inc. is a Delaware corporation with its principal place of business in Midvale, Utah. ZAGG designs, manufactures, and sells a variety of screen protectors, power management solutions, mobile keyboards, cases, and personal audio products. ZAGG markets and sells its products in the United States under the ZAGG, Invisible Shield, IFROGZ, mophie, Gear4, and BRAVEN brands (collectively, the "ZAGG Brands," and the products sold under the ZAGG Brands are collectively referred to as the "ZAGG Products").

13. Defendant Active Computer Supplies Inc. d/b/a Amazon Reseller "DEALATHON" is a New York corporation with its principal place of business located at 135 Gardner Avenue, Brooklyn, NY 11237. Defendant does business and has done business and sold products, including ZAGG Products, to customers within the State of New York and this District through various online commerce sites, including, but not limited to, Amazon.com, using seller names, including, but not limited to, "DEALATHON." Defendant is an unauthorized dealer of ZAGG Products.

## FACTS

**A.    ZAGG's Trademark Usage**

14. The U.S. Patent and Trademark Office ("USPTO") has issued several registrations for marks used with screen protectors, power management solutions, mobile keyboards, cases, and personal audio products (hereinafter, the "ZAGG Marks"). The ZAGG Marks include, but are not limited to:

| Mark | Registration Date | Registration Number |
|---|---|---|
| **ZAGG** | May 8, 2012 | 4,137,585 |
| ZAGG | November 4, 2014 | 4,634,052 |

15. The ZAGG Marks have been in continuous use since at least their respective dates of registration.

16. Said registrations are in full force and effect, and the ZAGG Marks are incontestable pursuant to 15 U.S.C. § 1065.

17. ZAGG advertises, distributes, and sells its products to consumers under the ZAGG Marks.

18. ZAGG has also acquired common law rights in the use of the ZAGG Marks throughout the United States.

19. ZAGG's federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of ZAGG's exclusive ownership of the ZAGG Marks.

20. ZAGG has invested significant time, money, and effort in advertising, promoting, and developing the ZAGG Marks throughout the United States and the world. As a result of such actions, ZAGG has established substantial goodwill and widespread recognition in its ZAGG Marks, and those marks have become associated exclusively with ZAGG and its products by both customers and potential customers, as well as the general public at large.

21. To create and maintain goodwill among its customers, ZAGG has taken substantial steps to ensure that products bearing the ZAGG Marks are of the highest quality. As a result, the

ZAGG Marks have become widely known and are recognized throughout the State of New York, this District, the United States, and the world as symbols of high quality products.

22. As a result of, *inter alia*, the care and skill exercised by ZAGG in the conduct of its business, the high quality of the goods sold under the ZAGG Marks, and the extensive advertising, sale, and promotion by ZAGG of its products, the ZAGG Marks have acquired secondary meaning in the United States and the world, including this District.

23. ZAGG is not now, nor has it ever been, affiliated with Defendant, and Defendant is not authorized to use the ZAGG Marks.

**B.   ZAGG's Authorized Reseller Network**

24. Another critical investment that ZAGG has made to ensure that the ZAGG Products are of the highest quality is the development of a nationwide network of exclusive and authorized Internet resellers ("Authorized Internet Resellers" and the "Authorized Internet Reseller Network").

25. As a prerequisite to becoming part of the carefully selected Authorized Internet Reseller Network, ZAGG requires that each of its Authorized Internet Resellers apply for, be approved by ZAGG, and execute an agreement (the "Authorized Internet Reseller Agreement"), which requires that such Authorized Internet Reseller meet certain customer service and quality control responsibilities and allows it to sell ZAGG Products only at the websites designated in the Authorized Internet Reseller Agreement. For example, ZAGG requires that its Authorized Internet Resellers maintain current knowledge of ZAGG Products and assist with repairs and service under the ZAGG manufacturer's warranty.

26. The terms of the Authorized Internet Reseller Agreement also prohibit transshipment, diversion, or transfer of any ZAGG Products to any other party. Furthermore, as

part of its normal business dealings with its Authorized Internet Reseller Network, ZAGG prohibits its Authorized Internet Resellers from transshipping ZAGG Products to other resellers.

27. Only ZAGG Products purchased from ZAGG directly, or through an Authorized Internet Reseller, qualify for ZAGG's warranty policy (the "ZAGG Warranty").[1]

28. Specifically, the ZAGG Warranty states, in relevant part:

**Warranty Policies**

The ZAGG Warranty Policy applies to ZAGG®, InvisibleShield®, IFROGZ®, mophie®, Gear4®, and BRAVEN® branded products. Please register your product at ZAGG.com prior to any warranty claim. If you purchased your product at ZAGG.com while signed into your ZAGG.com account your product was registered at the time of purchase. We may ask you to send us a photograph of your product to validate the claim. You may also take your product to any supporting franchise location for a warranty replacement. Product inventory is limited to popular products and therefore it is recommended calling the specific franchise location to ensure the desired warranty replacement is in stock before visiting the store. Please be advised that a replacement or installation fee may apply.

All ZAGG warranties are non-transferrable and are only available to the original end-user of the product purchased directly from ZAGG or an Authorized ZAGG reseller. Warranties do not apply to products purchased from unauthorized resellers. Many resellers who sell through Amazon, eBay, social media platforms or other online sites are not authorized retailers or resellers of ZAGG products. When purchasing online, it is important to note where the product is being shipped from and who it is being sold by. Second-hand items, including those purchased from websites such as Amazon, eBay or Craigslist are not covered by the ZAGG Warranty Policy.

29. Per its terms, the ZAGG Warranty applies to all ZAGG Products and all ZAGG Brands.

30. ZAGG has invested and has expended significant time and effort in advertising, promoting and developing its Authorized Internet Reseller Network. As a result of such advertising and promotion, ZAGG has established substantial goodwill and widespread recognition in the ZAGG Products, which have become associated exclusively with ZAGG and its products by both customers and potential customers, as well as with the general public at large.

---

[1] *See* https://www.zagg.com/en_us/warranty-policies

C.  **Defendant's Infringing and Improper Conduct**

31. ZAGG has never authorized or otherwise granted Defendant permission to sell ZAGG Products. Defendant is not a ZAGG Authorized Internet Reseller. Accordingly, Defendant is not authorized to sell ZAGG Products.

32. Despite this, Defendant has sold and is currently selling ZAGG Products on various online commerce cites, including, but not limited to, Amazon.com, using seller names, including, but not limited to, "DEALATHON."

33. Defendant offers for sale and sells ZAGG Products on the Internet using the ZAGG Marks.

34. The below is an example of Defendant's product listings advertising ZAGG Products:



35. However, Defendant falsely advertises the ZAGG Products it sells on the Internet using the ZAGG Marks.

8

36. As a preliminary matter, ZAGG offers for sale certain ZAGG Product models on the Internet, including, but not limited to, Amazon.com, but fulfils the orders to consumers with different ZAGG Product models designed for sale to wireless carriers and later purchased by Defendant at liquidation.

37. The ZAGG Product models Defendant actually sells and delivers to consumers are not the same ZAGG Product models Defendant advertises to consumers on Amazon.com.

38. The ZAGG Product models designed for sale to wireless carriers have a unique SKU and different packaging from the ZAGG Product models sold directly to consumers from ZAGG or a ZAGG Authorized Internet Reseller.

39. Therefore, the ZAGG Product models designed for sale to wireless carriers have a unique SKU and different packaging from the ZAGG Product models Defendant advertises and offers for sale to consumers on Amazon.com.

40. Moreover, in an effort to hide Defendant's nefarious acts, Defendant is selling ZAGG Products with the serial number covered and/or damaged.

41. ZAGG Products sold by ZAGG or its Authorized Internet Resellers are marked with an e-fingerprint encoded into the UPC barcode, which serves as a unique serial number. The serial number is unique to each ZAGG Product and traceable.

42. Purchases of ZAGG Products made from Defendant revealed that Defendant covered and damaged the serial numbers on the product packaging. For example:

**Defendant's Label on ZAGG Product**



**ZAGG's Serial Number Uncovered Behind Defendant's Label**



43. Critically, by covering the serial numbers on ZAGG Products, Defendant permanently mutilates the packaging of the ZAGG Products, as the serial numbers are often unreadable and ineffective even after removal of the sticker covering. As such, covering and damaging the serial number interferes with ZAGG's ability to authenticate ZAGG Products.

44. ZAGG places serial numbers on each unit of ZAGG Products to assist with quality assurance, authentication, anti-counterfeiting, and as an anti-theft measure.

45. Similarly, the use of serial numbers allows ZAGG to take corrective action or conduct targeted recalls should issues with products arise.

46. ZAGG's consumers expect quality high-end products and Defendant's covering and damage of serial numbers on the ZAGG Products Defendant offers for sale and sells and resulting mutilation of ZAGG's product packaging degrades the ZAGG Products in ways that are significant to the consuming public.

47. Defendant's resale of ZAGG Products with serial numbers covered and mutilated product packaging results in a poor brand experience and harms ZAGG's reputation as customers likely believe that it is ZAGG that caused this harm to the product packaging.

48. ZAGG typically does not sell any products with the serial number removed.

49. Accordingly, the ZAGG Products Defendant offers for sale and sells with serial numbers covered and/or damaged are non-genuine ZAGG Products.

50. Additionally, and separately, the ZAGG Products that Defendant offers for sale and sells online are falsely advertised as being in "new" condition.

51. Defendant represents that the ZAGG Products it lists for sale on the Internet are "new," yet the products actually sold by Defendant and received by consumers are in "used," rather than "new" condition.

52. As a preliminary matter, Defendant is prohibited from selling "new" ZAGG Products on Amazon.com pursuant to Amazon's announced Terms and Conditions, which require that "new" products carry the manufacturer's warranty. The ZAGG Warranty is limited to products "purchased directly from ZAGG or an Authorized ZAGG reseller." Because Defendant is not a ZAGG Authorized Internet Reseller, the ZAGG Warranty excludes products sold by unauthorized resellers, including Defendant.

53. Additionally, because Defendant is not a ZAGG Authorized Internet Reseller, Defendant is not trained in, nor capable of providing, the same quality controls that ZAGG requires

of its Authorized Internet Resellers. As such, products bearing the ZAGG Marks offered and sold by Defendant are materially different from ZAGG Products sold by ZAGG or its Authorized Internet Resellers.

54. Because Defendant's ZAGG Products do not have the same quality controls as those sold by ZAGG or its Authorized Internet Resellers, the ZAGG Products are not in "new" condition as advertised.

55. Furthermore, Defendant is offering for sale and selling certain ZAGG Products on the Internet, including, but not limited to, Amazon.com but fulfilling the orders with ZAGG Products purchased at liquidation from wireless carries. Such liquidation products have been purchased and sold once previously, are often used and/or returned products, and may be in damaged condition, and, therefore, are used and not "new" as Defendant advertises.

56. Defendant intentionally advertises and sells ZAGG Products in ways that are likely to deceive consumers and create consumer confusion. ZAGG has contacted Defendant previously regarding the ZAGG Authorized Internet Reseller Network and Defendant's false advertising and other improper conduct.

57. Defendant's continued advertisement, display, and sale of ZAGG Products on the Internet, including, but not limited to, Amazon.com has harmed, and continues to harm, ZAGG and its relationships with consumers and its Authorized Internet Resellers.

**D.     Likelihood of Confusion and Injury Caused by Defendant's Actions**

58. Defendant's actions substantially harm ZAGG by placing materially different, non-genuine, unwarranted, and falsely advertised ZAGG Products into the stream of commerce in the United States.

59. Defendant's sale of different ZAGG Product models than those advertised on the Internet to consumers is likely to cause—and has caused—consumer confusion and disappointment regarding ZAGG's sponsorship or approval of those products.

60. Defendant's sale of ZAGG Products bearing the ZAGG Marks with covered and/or damaged serial numbers is likely to cause—and has caused—consumer confusion and disappointment regarding ZAGG's sponsorship or approval of those products.

61. Defendant's sale of ZAGG products bearing the ZAGG Marks without the corresponding ZAGG Warranty and without the quality controls and customer service support of ZAGG's Authorized Internet Reseller Network is likely to cause—and has caused—consumer confusion and disappointment regarding ZAGG's sponsorship or approval of those products.

62. Defendant's actions substantially harm ZAGG and consumers who ultimately purchase Defendant's materially different, non-genuine, unwarranted, and falsely advertised ZAGG Products believing them to be the same genuine, high-quality ZAGG Products that they would receive from ZAGG or an Authorized Internet Reseller. Defendant's actions cause consumers to not receive a genuine, warranted product as he or she intended.

63. Defendant's actions substantially harm ZAGG's goodwill and reputation when consumers learn that the ZAGG Products they have purchased are 1) different models than the ZAGG Products advertised by Defendant; 2) not genuine with serial numbers covered and/or damaged; and 3) not protected by the ZAGG Warranty or the quality controls and customer service support of ZAGG's Authorized Internet Reseller Network.

64. Defendant's conduct results in consumer confusion as well as the dilution of ZAGG's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

65.     The harm being caused by the Defendant in this case is not theoretical. Purchasers on Amazon.com have complained about Defendant's false and misleading advertisements. Specifically, consumers have complained about receiving different products than those advertised by Defendant:





66.     The sale of ZAGG Products by unauthorized resellers, such as Defendant, interferes with ZAGG's ability to control the quality of products bearing the ZAGG Marks and sold to consumers.

67.     Defendant's unauthorized sale of ZAGG Products results in the lessening of sales of authorized and properly advertised ZAGG products to the detriment of ZAGG.

68.     As a result of Defendant's actions, ZAGG is suffering the loss of the enormous goodwill it created in the ZAGG Marks.

69.     Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to ZAGG's irreparable harm.

## COUNT I
### Trademark Counterfeiting and Infringement in Violation of 15 U.S.C. § 1114

70.     ZAGG hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

71. This is a claim for federal trademark infringement under 15 U.S.C. § 1114.

72. The acts of Defendant alleged herein constitute the use in commerce, without the consent of ZAGG, of a reproduction, counterfeit, copy, or colorable imitation of the ZAGG Marks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers, and therefore infringes ZAGG's rights in the ZAGG Marks, all in violation of the Lanham Act.

73. Defendant has used, and continues to use, the ZAGG Marks in the sale of ZAGG Products that are non-genuine, lacking serial numbers, and lacking the protection of the ZAGG Warranty.

74. Defendant has used, and continues to use, the ZAGG Marks in the sale of ZAGG Products that do not qualify for the ZAGG Warranty.  Therefore, the ZAGG Products sold by Defendant are materially different from those offered or sold by ZAGG or a ZAGG Authorized Internet Reseller.

75. Defendant has used, and continues to use, the ZAGG Marks in the sale of ZAGG Products that have serial numbers removed.  Therefore, the ZAGG Products sold by Defendant are not genuine ZAGG Products, such as those offered or sold by ZAGG or a ZAGG Authorized Internet Reseller.

76. Defendant's use of the counterfeit versions of the ZAGG Marks in the advertisement or sale of non-genuine, materially different products is willful, intentional, and done with the knowledge that the marks used were counterfeit marks, as defined in Section 34(d)(1)(B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B).

77. Defendant's use of the ZAGG Marks in the advertisement or sale of non-genuine, materially different products demonstrates an intentional, willful, and malicious intent to trade on

the goodwill associated with the ZAGG Marks, thereby causing immediate, substantial, and irreparable injury to ZAGG.

78. Defendant's counterfeiting and infringing activities are likely to cause, are actually causing, and are willful and intended to cause confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products, and constitute trademark counterfeiting and infringement under 15 U.S.C. § 1114(1)(b).

79. As a direct and proximate result of Defendant's actions, ZAGG has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and, unless its conduct is enjoined, ZAGG's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, ZAGG is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

80. As a direct and proximate result of Defendant's actions, ZAGG has suffered substantial damages. ZAGG is entitled to an injunction and to recover Defendant's profits, all damages sustained by ZAGG, treble those profits or damages, and the cost of this action, plus interest, under 15 U.S.C. §1117(a) and §1117(b), which amounts are yet to be determined.

81. As a direct and proximate result of Defendant's acts of willful trademark counterfeiting, ZAGG is entitled to elect statutory damages, under 15 U.S.C. § 1117(c)(2), of $2,000,000.00 per counterfeit mark per type of goods or services sold, offered for sale, or distributed by Defendant.

## COUNT II
**Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)**

82. ZAGG hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

83. This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

84. ZAGG engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the ZAGG Marks, throughout the United States.

85. The ZAGG Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing ZAGG products and services.

86. By selling or distributing products using the ZAGG Marks as alleged herein, Defendant is engaging in unfair competition, false advertising, and/or falsely representing sponsorship by, affiliation with, or connection to ZAGG and its goods and services in violation of 15 U.S.C. § 1125(a).

87. By advertising or promoting products using the ZAGG Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

88. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the ZAGG Marks, thereby causing immediate, substantial, and irreparable injury to ZAGG.

89. By selling and advertising products under the ZAGG Marks as alleged herein, ZAGG is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

90. As a direct and proximate result of Defendant's actions, ZAGG has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless its conduct is enjoined, ZAGG reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, ZAGG is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## RELIEF REQUESTED

WHEREFORE, ZAGG prays for judgment in its favor and against Defendant providing the following relief:

A. Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with Defendant, including, but not limited to, any online platform, such as Amazon.com, or any website, website host, website administrator, domain registrar, or internet service provider, from:

    a. using, or attempting to use, any of ZAGG's intellectual property, including, but not limited to, the ZAGG Marks;

    b. acquiring, or taking any steps to acquire, any ZAGG Products in violation of ZAGG's Authorized Internet Reseller Agreements, or through any other improper or unlawful channels;

    c. selling, or taking any steps to sell, any ZAGG Products that it acquired in violation of ZAGG's Authorized Internet Reseller Agreements, or through any other improper or unlawful channels;

    d. engaging in any activity constituting unfair competition with ZAGG; and

    e. inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities decried in the paragraphs above.

B. Award ZAGG its actual damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

C. Award ZAGG Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

D.     Enter judgment that Defendant's acts of infringement have been knowing and willful;

E.     Award ZAGG statutory damages in an amount not to exceed two million dollars ($2,000,000.00) per mark for each of the marks which Defendant has counterfeited, as authorized by 15 U.S.C. § 1117(c)(2);

F.     Award ZAGG its reasonable attorneys' fees in bringing this action as allowed by law;

G.     Award ZAGG pre-judgment and post-judgment interest in the maximum amount allowed under the law;

H.     Award ZAGG the costs incurred in bringing this action;

I.     Award ZAGG other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

ZAGG hereby requests trial by jury on all claims so triable.

[*SIGNATURE PAGE FOLLOWS*]

| | |
|---|---|
| New York, New York<br>Dated:  October 27, 2022 | */s/ Priya Chadha*<br>**Priya Chadha**<br>priya.chadha@klgates.com<br>599 Lexington Avenue<br>New York, New York 10022<br>Tel.: (212) 536-3905<br>Fax: (212) 536-3901<br><br>**Michael R. Murphy** (pro hac vice anticipated)<br>michael.r.murphy@klgates.com<br>**Morgan T. Nickerson** (pro hac vice anticipated)<br>morgan.nickerson@klgates.com<br>**Jack S. Brodsky** (pro hac vice anticipated)<br>jack.brodsky@klgates.com<br>**K&L GATES LLP**<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111<br>Telephone:  617.261.3100<br>Facsimile:  617.261.3175<br><br>ATTORNEYS FOR PLAINTIFF ZAGG, INC. |